UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**J&J SPORTS PRODUCTIONS, Inc.,**

   Plaintiff,

   -vs-          Case No. 15-C-449

**THE OLD SCHOOL WAY, LLC, d/b/a
The Old School Way, and LEE ALLEN
GAITHER, individually and as member
of The Old School Way, LLC,**

   Defendants.

## DECISION AND ORDER

J&J Sports Productions, Inc. alleges that a bar in Racine called The Old School Way unlawfully televised a boxing match in violation of The Communications Act of 1934, 47 U.S.C. § 605, *et seq*..[1] J&J Sports moves for default judgment against the bar and one of its owners, Lee Allen Gaither. "[O]nce a default has been established, and thus liability, the plaintiff must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Therefore, the Court must conduct an inquiry in order to ascertain the amount of damages with "reasonable certainty." *Id.*

An investigator hired by J&J Sports entered The Old School Way at

---

[1] The complaint also alleges that the defendants violated The Cable & Television Consumer Protection and Competition Act of 1934, 47 U.S.C. § 553, *et seq.*. J&J Sports appears to have abandoned this claim. The Court will not address it here.

9:04 p.m. on the evening of June 9, 2012. He observed that the fight was being shown on a flat screen television behind the bar. The investigator stayed for 21 minutes and made three separate head counts of 12, 14, and 15 people. He estimated that the total legal occupancy was 30 persons. There was no cover charge to enter. ECF No. 10-2, Affidavit of Daniel Prinn.

The relevant damages provisions are as follows:

(C)(i) Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses;

(I) the party aggrieved may recover the actual damages suffered by him as a result of the violation …; or

(II) the party aggrieved may recover an award of *statutory damages* for each violation of subsection (a) of this section involved in the action in a *sum of not less than $1,000 or more than $10,000*, as the court considers just, …

(ii) In any case in which the court finds that the violation was committed *willfully and for purposes of direct or indirect commercial advantage or private financial gain*, the court *in its discretion may* increase the award of damages, whether actual or statutory, *by an amount of not more than $100,000 for each violation of subsection (a) of this section*.

§ 605(e)(3) (emphases added).

J&J Sports requests $10,000 in statutory damages pursuant to § 605(e)(3)(C)(i)(II) and an additional $100,000 pursuant to § 605(e)(3)(C)(ii). Both requests are outsized and, quite frankly, ridiculous. The Old School Way is a small establishment that was showing the fight on one television. There

- 2 -

was no cover charge, and there is no evidence that the bar advertised the fight as a way to attract patrons. Thus, while the Court must presume that the defendants violated the statute, the minimum statutory amount of $1,000 is just under the foregoing circumstances. § 605(e)(3)(C)(i)(II).

Regarding enhanced damages, the Court agrees that the defendants' actions were willful because signals "do not descramble spontaneously, nor do television sets connect themselves to cable distribution symbols." *Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999). However, for the reasons already stated, the Court does not agree that the defendants were acting "for purposes of direct or indirect commercial advantage or private financial gain." § 605(e)(3)(C)(ii).

It might be argued that the defendants showed the fight in an effort to attract customers, or perhaps to keep customers in the bar longer than they otherwise would have stayed, and therefore were acting for purposes of commercial advantage. The Court does not agree, but even if this was an appropriate inference, the Court would not exercise its discretion in the severe manner advanced by J&J Sports. "[I]n awarding enhanced damages, courts have borne in mind that 'although the amount of damages should be an adequate deterrent, [a single] violation is not so serious as to warrant putting [someone] out of business." *Kingvision Pay-Per-View Ltd. v. Autar*, 426 F. Supp. 2d 59, 64 (E.D.N.Y. 2006). The minimum statutory award of $1,000 plus

- 3 -

costs is more than enough to deter future violations.

Regarding costs, the statute provides that a court "shall direct the recovery of full costs, including reasonably attorneys' fees to an aggrieved party who prevails." § 605(e)(3)(B)(iii). However, a party seeking attorneys' fees must "support that request with contemporaneous time records that show, for each attorney, the date, the hours expended, and the nature of the work done." *Kingvision*, 426 F. Supp. 2d at 66. J&J Sports failed to provide this information. Costs are documented and will be awarded, but not attorneys' fees.

J&J Sports' motion for default judgment [ECF No. 9] is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of J&J Sports for **$1,000** in statutory damages and **$535** in costs.

Dated at Milwaukee, Wisconsin, this 30th day of July, 2015.

      **SO ORDERED:**

      _____
      **HON. RUDOLPH T. RANDA**
      **U.S. District Judge**

- 4 -

Case 2:15-cv-00449-RTR   Filed 07/30/15   Page 4 of 4   Document 11